or arguments not to exceed 15 minutes per side. Mr. Mark Alan Sadowoff for the appellant. Good afternoon your honors. If it pleases this honorable court my name is Mark Satowa and I appear on behalf of the appellant Roy Bradley in this matter and if it pleases the court I would like to reserve five minutes for rebuttal. Your honors this is as all too often happens in federal criminal procedure federal criminal cases a case that is extraordinarily factually complex and relatively legally complex. Discovery was tens of thousands of pages long and included tax and Ludington's reaction the district court judge a very smart and parenthetically a judge with a background in business and litigation and these types of matters consistently required from the parties this idea that we are going to to focus the issues and present and pare away the wheat from the chaff so to speak and force the litigants present to the jury what issues were truly in dispute. As a result of that consistent ruling and systematic procedure by judge Ludington the parties were forced to do things for example like file trial memorandum, file a theory of the case, file proposed jury instructions that attempted to narrow the issues that were going to be presented to the jury. In doing that the government clearly adopted a position that started with the indictment and went through the not just the charge acts and the overt acts of the conspiracy but continued on into those documents the theory of the case, the trial memorandum, the proposed jury instructions that clearly said some of these defendants at issue were going to be there under reporting of personal taxes. Gail Ingersoll and Stephen Ingersoll two of the co-defendants specifically were charged in the indictment under the general allegations and the over acts with having under reported their 2011 personal income taxes. Roy and Tammy Bradley were not. The idea that towards the end of trial and quite honestly the eve of the end of trial with the government's last witness in its case of chief the government presented a revenue agent from the IRS who testified as to calculations he made for both revenue and expenses from a document he created as well as a 1040 he created that suggested that the Bradley's had under reported income. When asked at during the trial which is February the 27th page 52 of that date questioned by me have you prepared an amended return for Mr. Bradley his answer was I would not call it an amended return I would call it more of a trial exhibit that led to the objection by the defense as to both well if it was a trial exhibit why wasn't it provided in rule 16 discovery it was prepared a week or two before trial it was not and there was also continuous argument or excuse me extensive argument on the issue of whether or not this constituted a change in the indictment and whether Mr. Bradley had received adequate notice that this was a charge at which he had to defend there was an objection there so was there I mean I'm hearing that the document was first of all inaccurate it attributed to the Bradley's conduct that was not basically charged in the original indictment the under reporting of them correct it was actually not the original indictment it's the second superseding the second superseding indictment okay that's correct so so are you objecting to the the the fact that the judge permitted that testimony to go forward because the document wasn't in it wasn't introduced into evidence was it the document was not introduced into evidence the person the witness referred to it testified from it but it itself didn't go into evidence and so that is correct yeah okay go ahead your honor is 100 correct as to what happened now having been the lawyer trying the case I can tell you that you know he was reading from it it was clearly a 1040 I mean when you read the record I make that objection I put that on the record the judge even says well these are his notes and I said well your honor with all due respect they're his notes in the form of a 1040 I it's it's the jury wasn't stupid the jury saw what he was doing everyone saw what he was doing and the problem is is that when when this change and I would absolutely argue that it was a change as to issue one in our brief when this change happened and the defense attempted to cross-examine the revenue agent on this issue in this there was some talk about this defense proposed exhibit number four which was simply a series of 18 checks taken from a government exhibit that had already been admitted to the jury which was my clients bank records there was 18 checks as it related to one vendor let's just call it vendor ABC vendor ABC was had 18 checks written to it that totaled almost two hundred thousand dollars well this revenue agent had accredited approximately one hundred and seventy seven thousand dollars in expenses to that so given this what I would the defense attempted to cross-examine the revenue agent by saying look here's what you say now are the Bradley's revenue and expenses and therefore they underreported income well you attributed uh one hundred and seventy seven thousand dollars to uh to to vendor ABC here are here are checks totaling almost two hundred thousand dollars um so in the in the in the the court as noted in the brief did not allow that cross-examination uh ruling that it was it suffered from foundational and and authentication issues basically saying and for that to come in that that Mr. Bradley would have had to have testified so again this is is the exact reason why what happened in this case is the exact reason why our criminal procedure is instructed is structured excuse me in such a way as to prevent this kind of thing from happening that's why we have these indictments that's why you're in are entitled to adequate notice is it to what exactly you're defending yourself against it's why you were supposed to to to and I it's funny because I was in preparing for for the argument today um I I I saw my my argument to Judge Brad excuse me Judge Ludington where I said that there's a legal maximum the latin one uh the the mentioning of one or two exists by definition exclusion of the rest and I couldn't think of it and I looked it up last night and I actually found it the latin I would try to pronounce it but I can't even pronounce the latin to your honors but the point being is that there were three two excuse me two co-defendants that whose under reporting of personal income was specifically charged and alleged in the indictment both as a both both a charged act as well as an overt act of the conspiracy Gail Ingersoll and Stephen Ingersoll were charged with having one of their overt acts of participation in the conspiracy was under reporting 2011 1040 personal income but the government doesn't have to charge every item or list every overt act in the indictment clearly clearly however I would answer your argument I pointed out this is the problem when you have an extraordinarily factually legally complex case where the judge attempts to narrow the issues and by narrowing the issues you get the parties focused on what they say the disputes of uh the dispute the dispute is really about and I would argue that the the idea of the due process right Mr. Bradley has to adequate notice is is then affected by saying okay we are going to force the government to file a an extensive bill of particulars that the that caused the original trial date to be adjourned by several months because it was so detailed and then file a a theory of the case and then file a trial brief and then file a proposed jury instruction where they consistently say Mr. Bradley participated in this conspiracy by way of paying workers cash by not by filing w-2s by not filing 1099s and by engaging in a series of what the government like to refer to as shell game financial transactions but never say he participated by way of under reporting income then the government calls an expert witness who then starts testifying as to the and the and the and the and I your answer may be the same as Judge Ludington's which is all the information necessary to have seen what judge uh excuse me what the witness was doing was available in discovery but again that goes back to the whole whole idea of here's a warehouse with hundreds of banker boxes of documents all the information is there all you have to do is read it but are you arguing that you didn't get prior that this expert would be testifying and what the nature of the testimony would be I had prior notice that the witness would be testifying as an expert I did not have any prior notice that he would be discussing Mr. Bradley's personal income tax either by way of revenue or expenses what what was your understanding as to what he would be testifying as to well interestingly enough your honor asked that question and and Stephen Ingersoll uh the I believe Gail Ingersoll although I'm not a hundred percent certain of that um were both provide what were at least Stephen Ingersoll's lawyers were provided a summary of the document that that uh the revenue agent used to summarize the under reporting of uh under rule 16 of the under reporting of of of income and tax by uh by Stephen Ingersoll so that the same document that the revenue agent used to testify about Stephen Ingersoll's under reporting of of income and tax was provided to Mr. Ingersoll's lawyer Dr. Ingersoll's lawyers by way of rule 16 discovery but you didn't get it but I it was not done it wasn't there wasn't the document relating to Mr. Bradley the identical document prepared by the identical expert was not provided to me as Mr. Bradley's counsel are you saying you you were provided notice that the witness expert witness would be testifying regarding Mr. Ingersoll's income but not Mr. Bradley's is is that is that your position your honor well he was testifying as to several things and and as it related to Mr. Bradley I certainly expected him to testify as to uh the paying of uh of of of workers and how much the projected uh uh tax on the FICA and FUTA tax would be for that the expected tax uh if he had filed w2 or the attacks expected liability on Mr. Bradley's part if he had withheld under uh on w2 had done w2 withholdings um the impact of w2s versus 1099s I expected him to testify as to all of that well if if you expected an IRS agent to testify as to all of that subject matter regarding income matters pertaining to Mr. Bradley it would be reasonable for you to expect and anticipate he also would testify regarding the possibly the under reporting of Mr. Bradley's income that would only make sense I guess it makes sense to your honor I again not not not from what the government had filed in the indictment in the bill of particulars in the the idea that Mr. Bradley under reported his own personal income and that was going to be subject to expert testimony and and a report slash notes depending on how you want to characterize it or I'll use the witness's own words a trial exhibit that had been prepared that had been provided for one defendant but not to the other defendant I I I disagree with your honor that that's proper thank you your red light's on thank you very much good afternoon may it please the court my name is Sheldon Light I'm appearing on behalf of the United States in this matter first thing I want to do uh is to respond specifically to counsel's claim that he received no notice and did not receive a copy of the document that a revenue agent Wisniewski used in the course of his examination on this record he did receive it and what he received on the Friday before the revenue agent's testimony or at the latest on the Monday before the revenue agent's testimony by email following up on the letter that was mailed on Friday was a letter transmitting the very document that Michael Wisniewski used in the course of his examination and that is in the record as part of document 199-5 page id 23 uh 22 and the following page numbers he received the document you say it's a letter transmitting the document and then what day was the testimony on the testimony was on Tuesday March 3rd so he received the email on March 2nd 2015 at 9 25 a.m. and he had a letter containing the same information had been sent by mail the previous Friday because there was concern I suppose that the letter might not have reached him it was followed up by an email on Monday morning the revenue agent began his testimony or continued his testimony the following day Tuesday now and this is just one aspect of how it is that there was notice of the likelihood and the possibility that the revenue agent would testify with regard to Roy Bradley's tax consequences from the transactions that were subject to this indictment earlier in discovery there was a general CV provided as to Mr. Wisniewski that included the language during the trial in this matter will testify regarding the tax returns filed by the defendants in relationship to the evidence presented during the government's case in chief he will explain the federal income tax consequences for each defendant based on that evidence he will also explain the impact of various deductions credits etc this was part of the information provided prior to trial to the defendants in this case including Mr. Bradley well I gather that that the indictment had overt acts for other co-defendants that involve their personal taxes but not vis-a-vis Mr. Bradley is that correct that's correct that's absolutely true your honor so but the U.S.'s position is that you don't need to list all overt acts in the indictment is that right absolutely our position is that you don't have to list all of the overt acts for all of them all of the events that are going to be proved as elements or aspects of the conspiracy and there is ample case law to support that proposition is the filing of an individual's own income tax return part of a conspiracy that was alleged I believe it was the conspiracy that was alleged was a broad conspiracy to defraud the United States the exact language of the indictment charged a conspiracy to defraud the United States and the Internal Revenue Service and the Department of the Treasury by impeding and obstructing the functions of the IRS and evading payment of taxes so that encompasses those kinds of behaviors those kinds of events with regard to each of the three defendants charged in count two of the indictment and we have to back up a little and look at the the basis of the claim being made on appeal which is that there was a constructive amendment because this evidence was introduced or that there was a prejudicial variance because this evidence was introduced for there to be a constructive amendment there would actually have to be also a jury instruction that was contrary to the very charge in count two and if the court looks to the jury instructions given by Judge Ludington the court will find that they were strictly limited to a conspiracy to defraud the United States the Internal Revenue Service and the Department of Treasury in the language of the superseding indictment so we get to the and there's case law out there plenty of case law that indicates that the government is not limited to the overt acts in a conspiracy indictment and that as long as the defendant is not misled and not prejudiced by the evidence that's introduced it is not a prejudicial variance are you saying that if if we find that there was a variance that that really does not affect the government's position you don't lose if we found that there was a variance that's correct because it if you believe that there is a variance and I submit there is no variance this evidence is absolutely within the scope of the conspiracy that was charged but if the court were to believe that there were a variance then the court moves on to an analysis of the degree of the prejudice to the defendant to misleading the defendant and whether that prejudice is sufficient to make this essentially an unfair trial proceeding and I'd submit there was no variance and and even if there was the defendant had ample notice that this evidence was going to come in I've already talked about a couple of aspects of the notice but I'd also point to the fact that earlier in the trial a witness named Sondra Harrington testified she was the H&R Block tax preparer who prepared returns for the Bradleys for 2009 2010 and 2011 and in her testimony she covered in detail the varying numbers that were being provided to her by Roy Bradley and his wife Tammy Bradley regarding the gross receipts of Bradley's business Thunder Builders that would go into that tax return and it changed from $300,000 to $900,000 to $1.4 million and there were tax tax returns based prepared based on each of these numbers and ultimately there there was a tax return filed in April of 2012 with one of these numbers and then there was an amended tax return prepared filed later in or $2.4 million as gross income of Thunder Builders and that was the document that then the revenue agent started from in saying even that document understated the income and the tax to and owing from the Bradleys so tied into this is the alternative argument that your opponent makes that a lesser included offense instruction should have been given for this personal income tax problem why is that not a good argument for them to be making actually the argument that he is making is that the lesser included offense of a conspiracy to defraud the United States would be a misdemeanor violation of the failure to file returns regarding tax withholding relating to Mr. Bradley's employees and the analysis of that is to look to the elements of the offense that was charged and the elements of the offense that the defense seeks a lesser included offense instruction for the elements of a conspiracy to defraud are that there was a conspiracy of two or more persons that the defendant joined it and that the purpose of the defraud the United States in the way specified in the indictment in no way is a simple failure to file a 940 or 941 quarterly return regarding withholding from employees a lesser included offense of that is it because of the difference between conspiracy and the substantive act is that's one reason but I thought at one point his argument has morphed into that the lesser included offense would be conspiracy to fail to pay federal income taxes vis-a-vis these techniques and there he is looking to the second paragraph of 18 USC 371 which describes a lesser conspiracy a misdemeanor conspiracy if it's a conspiracy to commit a substantive offense that is itself a misdemeanor but the charge in this case was under the first paragraph and it was not a charge of a conspiracy to violate a specific substantive statute it was the conspiracy to defraud aspect of 371 so this was not a conspiracy to violate any provision of title 26 for example or title 18 it was the broad conspiracy to defraud isn't it via taxes or is it via other mechanisms it includes both the the what so the basic conspiracy charge that was in the indictment that he was convicted of is conspiracy to defraud by doing what to conspiracy to defraud by doing a series of transactions some of which are specified in the overt acts which are designed to deceive the government for lack of a better term isn't it via tax matters or is it broader than tax is there some other substantive area that's involved here it was a conspiracy to defraud the united states the internal revenue service and the department of treasury and the focus was on the tax consequences of the transactions that were taking place or the effect that those transactions had in concealing information that would be necessary to do a proper evaluation of the tax status of each of these defendants but in addition to defraud by evading the payment of taxes which would happen through the filing of false income tax returns and the evasion of taxes but that's 1040 income tax returns with regard to the income of the individuals it would also include the failure to pay withholding taxes on the employees i'm still a little confused i'm sorry about why it isn't a lesser included offense to hypothetically conspire to pay under report income to fail to file w-2s to fail to do the right thing vis-a-vis your employees because the less again let's go back to the black letter law with regard to lesser included offenses and that's in the case of schmuck versus the united states the supreme court case that says it's a categorical approach essentially you look at the elements of the broader offense and you look at the elements of the claimed lesser included offense and see if those elements are are totally subsumed within the elements of the broader offense and there is really no connection between the elements you don't look really to the facts you look to the elements of the statutes but don't both of those uh include uh an element of of defrauding the government i mean and whether you're looking at the one or the other one isn't that a common element defrauding the government actually the the offense the misdemeanor offense over under 7203 or 7204 does not require fraud it simply requires an obligation to file a return a failure to file the return and willfulness it doesn't say anything about fraud well but but those actions i mean the object of those actions is to defraud the government by not paying um the the the taxes to the government and i i didn't i didn't mean that it had to include the word fraud but i mean that the object of the conduct or the consequence of the conduct is to defraud the government and that's what they have in common well that is a sometimes it can be under certain facts something that they have in common but it's not an element of both okay and you in fact were thinking that they were in common because you were introducing evidence on the failure to have the w well the evidence regarding the uh regarding the um failure to file 1099s the failure to file w2s uh and the failure to file 940s or 941s was principally directed towards showing that this series of transactions was done in such a way as to conceal what was actually happening in terms of the business activities uh that underlie all of this and we haven't talked about those business activities at all but essentially it related to uh the disposition of the uh the proceeds of a construction loan that was given to uh mr ingersoll to uh to finance the conversion of a church in bay city to turn it into a charter school but between ingersoll his brother gail gail ingersoll and roy bradley there were a variety of things that were done to conceal the movement of money uh to move that money through what judge luddington called a ring around the rosy between numerous uh uh numerous uh business entities to make it difficult or impossible to decipher what was happening uh if the irs uh ever came to look and figure out the tax consequences uh to these three individuals thank you i know mr light to take his responsibilities as an officer of the court very seriously so i will assume that what he argued initially was the result of a mistake and having not been at the trial but rather based on the information provided to him by government counsel at trial agent was new ski testified on friday february 27th before even the government claims they attempted to provide defense council notice the government council did claim the following tuesday for some reason that i don't remember it may have been a federal holiday it may have just been the court had something else to do we were not in session on monday when we reconvened on tuesday um the government certainly claimed that they mailed and emailed that information to me if your honors look starting at page 53 of tuesday march the 3rd 2015's testimony you can clearly state it uh you can see clearly see at the bottom of page 53 where i state this was never mailed on friday or emailed to me on monday this is and then on to page 54 the court asked this is not a document that has been off um well then we discuss it whether it's been offered as evidence um and then on pages 55 um and the balance of that um there is clear discussion about where i said several times here's my laptop i never received the email here's the disc that you sent me what you claim is on there is not on there um so again this is the agent and even if it was mailed friday night the agent had testified on direct already um even if it was emailed on monday the agent had testified on direct the previous um the previous uh friday and the record is clear again starting on page 52 of the my cross examination of agent wazowski on march the 3rd that i had not seen that document before so you're saying that at the time the agent finished testifying on direct uh that you had not been given nor were you given at that time these documents about which he testified even the government's argument at trial was they had not provided it to me until mail friday night after the after the agent had testified that correct your honor your honors um and i and i i think your honors have a very good handle on the on the lesser included and i think whereas mr light very adequately recites the standard your honors are to decide that issue under i think his own argument supports the argument made by the defendant which is and i think judge moore your question was was spot on well what does one of them when when and mr light answered well there's there's an issue with one doesn't provide fraudulent behavior that one doesn't have the element of fraud well that's the whole point of the request for the lesser included if the government has proven every element except fraud the jury is supposed to be able to conclude that they've proven the lesser but not the added fraud element which would provide the basis for the conviction of the indicted offense which is exactly why that lesser should have been provided at trial uh your honors in closing i simply want to say that much was made uh in the government brief which was not written by mr light about whether or not some of these issues were preserved i will acknowledge that the rebuttal issue on closing may not have been preserved but every other issue was the basis of was it was had was the significant um objections both verbally at trial as well as by way of written pleadings federal rule of criminal procedure too i mean did you preserve the the opening argument issue mr sass objected at the end of the government's opening as to and the government tries to argue that saying we start with a clean slate with the scales imagine the scales of justice balanced i mean that's the that's like the blue black letter law definition of preponderance of evidence mr sass objected to it and and again your honor we had seven defendants we had acted in concert the entire time that the judge um like most judges under those different defendant right that's correct yes so did you latch on to his objections and we joined or formally say that but it was at a sidebar again the juries in the room were at sidebar were discussing outside the presence of the jury as if the jury was right there and we were all talking in front of your honor but the record is going so even at sidebar you can interpose objection can you not all i can say judge is is that that is not the way the trial was conducted judge ledington was not going to let six or seven lawyers say i joined the objection i joined the objection i joined the objection i mean that didn't happen throughout the trial one i believe one other co-defendant attempted to uh join mr sass's objective objection and the judge allowed her to speak for very shortly then cut her off and move the conversation forward so no i did not object to that um on my own but it was objected to by by co-counsel and even the federal rules of criminal procedure rule two i mean we're supposed to uh interpret these to provide for a fair determination of every criminal proceeding to secure simplicity and procedure and fairness and administration and to eliminate unjustifiable expense and delay and i would suggest that eight lawyers getting up and saying in addition to what that person just said i need to add this violates even the premise of the rules that that uh that that sort of set aside that kind of over-reliance on formality found in the common law thank you thank you thank you both for your argument may i thank the court for its abilities just to um defend myself with regard to what what mr citologist said regarding the testimony of the revenue agent i think i think if you have something that you want to file clarify okay one sentence mr wisniewski started his direct examination on thursday and attempted to go into the recomputation of the bradley's income the court did not permit that at that time and it did not happen until the tuesday after the document was sent by email yeah and you you can have one sentence in response i don't know if he i thought he started his testimony on friday he may have started it on thursday okay so we thank you both for your arguments and i'm sorry for violating that that's okay we're i i always want to be fair to everybody and i do want to say mr sato i see that you have been appointed pursuant to the criminal justice act and we thank you for your service to your client and we appreciate your arguments on both sides we will take the case under advisement and would the clerk call the next case please